UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GEORGE J. O'CONNELL,

                Plaintiff,

vs.

                                            09-CV-364 (FJS/ATB)

ONONDAGA COUNTY, ONONDAGA COUNTY
SHERIFF'S DEPARTMENT and SHERIFF
KEVIN WALSH, in his capacity as Sheriff of
Onondaga County,

                Defendants.

---

## **PRELIMINARY STATEMENT**

This is an employee discrimination action brought pursuant to the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) wherein Plaintiff alleges that the County of Onondaga knowingly took adverse employment actions against Plaintiff because of his disability and failed to make reasonable accommodations for Plaintiff's disability in violation of the ADA and the RA. This action additionally alleges a claim for retaliation pursuant to the ADA and RA, and a pendent State law claim for breach of contract.

## **PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE TO SUPPORT CLAIMS ON WHICH SUMMARY JUDGMENT WAS ENTERED:**

This Court should bar Plaintiff from introducing any evidence to support claims on which summary judgment was entered. Jones v. New York City Health & Hosp. Corp., 2003 WL 21262087 (S.D.N.Y.) (barring plaintiff from presenting evidence that termination was motivated by race discrimination when summary judgment had

previously been granted in favor of defendant with respect to plaintiff's race discrimination claim)[a courtesy copy of which is annexed hereto]; Wingfield v. United Technologies Corp., 678 F. Supp. 973, 983 (D. Conn. 1988) (granting motion *in limine* barring evidence of alleged past discrimination when the court had previously held such evidence insufficient to support a cause of action). Here summary judgment was entered in favor of the County on all of Plaintiff's claims, with the exception of his disability discrimination and failure to accommodate under the ADA/RA for the period subsequent to January 1, 2009, for retaliation under the ADA and for breach of contract. Therefore, Plaintiff should be barred from claiming in any way at this trial that he was subject to disability discrimination and failure to accommodate under the ADA/RA for the period of time prior to January 1, 2009, violations of the NYS Human Rights Law, and intentional and negligent infliction of emotional distress. Jones, 2003 WL 21262087 at *1.

To the extent any such testimony or evidence is admitted, the jury should be specifically instructed that the Plaintiff does not have said claims with respect to the County and that they should ignore any evidence which implies otherwise. The jury should also be specifically instructed that Plaintiff does not have any valid claims of monetary damages with respect to the summarily dismissed claims and that they should ignore any evidence which implies otherwise.

## **CONCLUSION**

Based upon all of the above, preclusion of this evidence is appropriate.

DATED: August 24, 2012

_____
GORDON J. CUFFY,
COUNTY ATTORNEY
Carol L. Rhinehart, of Counsel
Bar Roll No. 509096
*Attorney for Defendant*
421 Montgomery Street
Syracuse, New York 13202
Telephone: (315) 435-2170


TO: K. FELICIA DAVIS, ESQ.
*Attorney for Plaintiff*
P.O. Box 591
Syracuse, New York 13201-05901
Telephone: (315) 483-6388