UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE J. O'CONNELL,

            Plaintiff,

    v.              5:09-CV-364
                     (FJS/ATB)

ONONDAGA COUNTY, ONONDAGA
COUNTY SHERIFF'S DEPARTMENT
AND SHERIFF KEVIN WALSH, IN HIS
OFFICIAL CAPACITY AS SHERIFF OF
ONONDAGA COUNTY

            Defendants.
_____

**APPEARANCES**          **OF COUNSEL**

**OFFICE OF K. FELICIA DAVIS**   **K. FELICIA DAVIS, ESQ.**
P.O. Box 591
Syracuse, New York 13201-3049
Attorneys for Plaintiff

**ONONDAGA COUNTY DEPARTMENT**  **CAROL L. RHINEHART, ESQ.**
**OF LAW**
421 Montgomery Street
10th Floor
Syracuse, New York 13202
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Currently before the Court is Plaintiff George J. O'Connell's motion for a new trial. *See*
Dkt. No. 84-2.

## II. BACKGROUND

Defendant Onondaga County[1] employed Plaintiff as a Deputy Sheriff in the Custody Division of the Onondaga County Sheriff's Department. *See* Dkt. No. 30 at 2. Following his repeated disciplinary actions, Plaintiff commenced this employment discrimination action against Defendant, alleging, among other things, that Defendant (1) intentionally discriminated against him because of his alleged shoulder disability; (2) failed to provide him a reasonable accommodation in the form of light duty assignment; and (3) retaliated against him for repeatedly requesting an accommodation for what he, in good faith, believed to be a disability, all in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973. *See* Dkt. No. 11. In November 2012, the Court presided over a four-day jury trial adjudicating Plaintiff's claims. At the conclusion of this trial, the jury rendered a verdict, finding no cause of action. *See* Dkt. No. 79.

On December 27, 2012, Plaintiff filed the present motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. *See* Dkt. No. 84. Plaintiff asserted the following grounds in support of his motion: (1) the verdict was against the weight of the evidence; (2) the Court erroneously excluded three arbitration decisions from evidence; (3) the jury prematurely deliberated; and (4) the Court's verbal instruction misled the jury as to his disability discrimination claim.[2] *See id.* Defendant opposes this motion. *See* Dkt. No. 86-1.

---

[1] In a Memorandum-Decision and Order dated February 9, 2012, the Court found that Plaintiff's claims against Defendants Onondaga County, Onondaga County Sheriff's Department and Kevin Walsh, in his official capacity as Sheriff of Onondaga County were redundant and, therefore, referred to Plaintiff's claims as against Defendant Onondaga County only. *See* Dkt. No. 30 at 2 n.1 (citations omitted). Thus, Defendant Onondaga County is the only Defendant in this action. *See id.*

[2] The papers Plaintiff submitted in support of his motion for a new trial lack a table of contents, citations to the evidentiary record, and citations to supporting legal precedent beyond the applicable legal standards. *See* Dkt. No. 84-2; Dkt. No. 97. The Court reminds Plaintiff's

### III. DISCUSSION

**A.    Standard of review**

Under Rule 59, a court may grant a motion for a new trial if it concludes, "'the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice.'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (quotation omitted); *see also* Fed. R. Civ. P. 59(a)(1)(A); *Snyder v. Shenendehowa Cent. Sch. Dist.*, No. 1:98-CV-1292, 2011 U.S. Dist. LEXIS 17302, *7-*8 (N.D.N.Y. Feb. 22, 2011) (stating that "[t]he primary responsibility of a judge reviewing a Rule 59 motion is to ensure that a jury verdict does not impose manifest injustice" (citations omitted)).  Importantly, "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

On a motion for a new trial, "the trial judge may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012) (citing *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998)).  Nevertheless, "trial judges must exercise their ability to weigh credibility with caution and great restraint, as a judge 'should rarely disturb a jury's evaluation of a witness's credibility,' *DLC Mgmt.*, 163 F.3d at 134, and may not 'freely substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury,' *Landau*, 155 F.3d at 104." *Raedle*, 670 F.3d at 418.

---

counsel of Local Rule 7.1(a)(1), which provides, in pertinent part, that "[a]ll memorandum of law shall contain a table of contents and, wherever possible, parallel citations." N.D.N.Y. L.R. § 7.1(a)(1); *see e.g.*, *Clark v. New York State Elec. & Gas Corp.*, 67 F. Supp. 2d 63, 71 (N.D.N.Y. 1999) (instructing counsel that "[f]uture non-compliance with the local rules will lead to rejection of papers and imposition of appropriate sanctions").

**B.     Verdict against the weight of the evidence**

A district court may grant a new trial if the verdict is against the weight of the evidence adduced at trial. *See Raedle*, 670 F.3d at 417; *Lore v. City of Syracuse*, 670 F.3d 127, 176-77 (2d Cir. 2012) (noting that "[i]t is well established that the trial judge enjoys 'discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence'" (quotation omitted)). "'[A] decision is against the weight of the evidence . . . if and only if the verdict is [(1)] seriously erroneous or [(2)] a miscarriage of justice.'" *Raedle*, 670 F.3d at 417-18 (quotation and other citation omitted).

In this case, the first basis upon which Plaintiff seeks a new trial is his contention that the jury returned a verdict against the weight of the evidence regarding his retaliation, failure to accommodate, and disability discrimination claims. *See* Dkt. No. 84-2 at 2-3. Plaintiff purports that the jury failed to evaluate the ample evidence and testimony that he presented at trial. *See* Dkt. No. 87 at 3.

The Court, however, declines to disturb the verdict and defers to the jury's interpretation of the evidence and assessment of the testimony. *See United States v. Landau*, 155 F.3d 93, 104-05 (2d Cir. 1998) (stating, "[a] jury's credibility assessments are entitled to deference" (citation omitted)); *Raedle*, 670 F.3d at 419 (noting that "'[t]he veracity of [a witness'] statements . . . was a matter of credibility for the jury to resolve'" (quotation omitted)). "[W]here, as here, a verdict is predicated almost entirely on the jury's assessments of credibility, such a verdict generally should not be disturbed except in an egregious case, . . . or to prevent a miscarriage of justice." *Raedle*, 670 F.3d at 418-19. Plaintiff, however, has advanced neither a compelling argument nor evidence that the verdict was seriously erroneous or a miscarriage of justice. *See Holloway v. Isaacson*, No. 1:05-CV-400, 2013 U.S. Dist. LEXIS 9400, *6 (N.D.N.Y. Jan. 23, 2013) (denying plaintiff's motion for a new trial because he failed to produce evidence demonstrating that the

4

verdict was seriously erroneous or a miscarriage of justice). Instead, Plaintiff simply casts his disagreement with the verdict in a vague and conclusory fashion, offering nothing more than general references to testimony and evidence in the record. *See* Dkt. No. 84-2 at 2-3; *Meiselman v. Byrom*, 207 F. Supp. 2d 40, 43 (E.D.N.Y. 2002) (denying plaintiff's motion for a new trial, in part, because her conclusory allegation that opposing counsel tampered with the evidence was insufficient); *Ullman v. Starbucks Corp.*, 152 F. Supp. 2d 322, 326 (S.D.N.Y. 2001) (stating "[t]he unsuccessful party's disagreement with the court's decisions or conclusion is insufficient to obtain relief under Rule 59" (citation omitted)). Also, "a review of the evidence that the parties adduced at trial overwhelming supports the jury's verdict" in favor of Defendant and against Plaintiff. *Holloway*, 2013 U.S. Dist. LEXIS 9400, at *7.

Accordingly, the Court finds that the verdict was not against the weight of the evidence and denies Plaintiff's motion for a new trial on this ground.

### C.   Exclusion of the arbitration decisions

Under Rule 61 of the Federal Rules of Civil Procedure, "[u]nless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. Applying this standard, the Second Circuit has held that "an evidentiary error in a civil case is harmless 'unless [the party moving for a new trial demonstrates that] it is likely that in some material respect the factfinder's judgment was swayed by the error.'" *Tesser v. Bd. of Educ.*, 370 F.3d 314, 319 (2d Cir. 2004) (quotation omitted). "Whether an evidentiary error implicates a substantial right depends on 'the likelihood that the error affected the outcome of the case.'" *Id.* (quotation omitted).

5

In this case, Plaintiff filed grievances against Defendant because of disciplinary actions it brought against him allegedly in connection with his requests for an accommodation. *See* Dkt. No. 78. The grievances were resolved at three arbitrations with the presiding arbitrators rendering written decisions. *See id.* The Court, however, excluded Plaintiff from offering into evidence full and complete copies of the arbitrators' decisions at trial.[3] *See* Dkt. No. 75 at 3. Rather, the Court prepared a written summary of these decisions for the jury. *See* Dkt. No. 78.

Plaintiff argues that the Court abused its discretion by excluding full and complete copies of the arbitration decisions and trial testimony detailing the specifics of those decisions. *See* Dkt. No. 84-2 at 5; Dkt. No. 75 at 3. In particular, Plaintiff contends that, because he premised his retaliation claim on Defendant's disciplinary actions grieved at the arbitrations, the Court deprived the jury of key evidence to support his claim. *See* Dkt. No. 84-2 at 5. He also claims undue prejudice from the Court's summary of the arbitration decisions, which excluded the arbitrators' justifications. *See id.*; Dkt. No. 87 at 1. Plaintiff continues that the Court essentially adopted in full Defendant's proposed summary of the decisions, which lacked a full representation of the evidence. *See* Dkt. No. 84-2 at 5. Plaintiff further offers that the Court could have cured any concerns with the arbitration decisions by redacting troublesome language. *See id.* Finally, Plaintiff asserts that the Court's refusal to allow Daniel Matthews, President of

---

[3] Prior to trial, the Court ruled on the parties' motions *in limine*, stating that, "Plaintiff may not offer into evidence copies of the arbitrators' decisions. Plaintiff may ask witnesses, who testified at the arbitration hearings, about their testimony at those hearings; however, if any such witness denies providing any such testimony, Plaintiff may not use the arbitrators' decisions to rebut that testimony." *See* Dkt. No. 75 at 3. To the extent that Plaintiff seeks to rely upon arguments he already advanced in his motion *in limine*, the Court rejects those arguments for the reasons it previously articulated. *See id.* at 2-5; *see also LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999) (holding that "a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice" (citation omitted)). For brevity's sake, the Court will not restate its reasoning for its pre-trial evidentiary rulings.

the Deputy Sheriff's Benevolent Association and a Deputy in the Custody Division, to testify about the arbitration decisions, the union's interpretation of the decisions, and subsequent judicial affirmations of the decisions "short-circuited" his retaliation claim. *See id.*

The Court concludes that Plaintiff has failed to carry his burden to show that its decision to exclude full and complete copies of the arbitration decisions affected his "substantial rights." *See Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (affording district courts "'wide latitude . . . in determining whether evidence is admissible'" at trial (quotation omitted)). First, the Court rejects Plaintiff's argument that the Court deprived the jury of key evidence to support his retaliation claim by excluding the full arbitration decisions.[4] *See* Dkt. No. 84-2 at 5. To determine the merits of Plaintiff's retaliation claim amply, the Court informed the jury, via its written summary, of the disposition of the disciplinary charges and the awards granted at the arbitrations. The remainder of the arbitrations decisions (*e.g.*, the arbitrators' findings on the evidence before them and the conclusions they drew from those findings, the arbitrators' justifications for finding Defendant's disciplinary actions inapt, and the parties' respective positions) had no bearing on whether Defendant retaliated against Plaintiff for requesting accommodations. *See D'Cunha v. Genovese/Eckerd Corp.*, 415 F. App'x 275, 277 (2d Cir. 2011)

---

[4] To support this argument, Plaintiff relies on *Munafo v. Metro. Transp. Auth.*, Nos. 98-CV-4572, 00-CV-0134, 2003 U.S. Dist. LEXIS 13495, *79-*81 (E.D.N.Y. Jan. 22, 2003). *See* Dkt. No. 87 at 5. The Second Circuit's Local Rules, however, prohibit parties from "cit[ing] a summary order of this court issued prior to January 1, 2007," except in a subsequent stage of a case in which the summary order has been entered or when cited as subsequent history. *See* 2d Cir. L.R. 32.1.1(b)(2). Since neither exception applies in this case, Plaintiff's reliance on *Munafo* is misguided. *See e.g.*, *Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 697 n.16 (S.D.N.Y. 2011) (finding defendants' reliance on a 2005 summary order from the Second Circuit to defend against plaintiff's retaliation claim as improper under Local Rule 32.1.1(b)(2)). Notwithstanding, *Munafo* differs from this case because (1) the court addressed the parties' motions *in limine* to exclude evidence at trial, not a post-verdict motion for a new trial; and (2) the plaintiff, a public sector employee, alleged that his employer retaliated against him for exercising his constitutional right to free speech and freedom of association in violation of 42 U.S.C. § 1983. *See Munafo*, 2003 U.S. Dist. LEXIS 13495, at *3.

(finding that the court's evidentiary ruling to preclude the parties from introducing its prior decision was not an abuse of discretion because that decision was immaterial to the determinations to be made by the jury).

Second, even if the evidentiary ruling was erroneous, Plaintiff has not demonstrated that excluding the entire arbitration decisions was harmful and somehow influenced the verdict. *See Tesser*, 370 F.3d at 320-21 (concluding that the district court did not abuse its discretion in denying a motion for a new trial because plaintiff was not substantially prejudiced by the admission into evidence of her and her husband's jointly filed federal income tax returns). Although Plaintiff contends that the Court's summary of the arbitration decisions was unduly prejudicial because it adopted Defendant's proposed language, he offers no legal argument to support this contention. *See Levine v. Reader's Digest Ass'n, Inc.*, No. 06 Civ. 0590, 2008 U.S. Dist. LEXIS 47341, *15 (S.D.N.Y. June 10, 2008), *aff'd*, 2009 U.S. App. LEXIS 16077 (2d Cir. July 22, 2009) (denying a new trial because, in part, plaintiff's conclusory statement was insufficient to establish that the court's evidentiary rulings "were anything more than harmless" (citation omitted)). Further, it remains unclear how redacting the arbitration decisions would have helped Plaintiff prove that Defendant unlawfully retaliated against him. *See id.* at *9-*10 (denying a motion for a new trial, in part, because plaintiff failed to show how the court's decision to admit unredacted versions of e-mails into evidence, rather than redacted versions, affected a substantial right (citation omitted)). Nevertheless, the Court was within its wide discretion to cure its concerns with the arbitration decisions by drafting the summary rather than redacting troublesome language. *See Parker v. Reda*, 327 F.3d 211, 213 (2d Cir. 2003) (stating, "[d]istrict courts exercise broad discretion in making evidentiary rulings").

Third, the Court finds that it properly precluded Daniel Matthews from testifying about the arbitration decisions, the union's interpretation of the decisions, and the union's attempt to

seek judicial affirmations of the decisions. None of these matters was relevant to Plaintiff's retaliation claim and allowing such testimony would have portrayed Defendant in a prejudicial light.

Accordingly, the Court holds that Plaintiff has not proven that its evidentiary rulings swayed the jury's verdict in some material respect and thus denies his motion for a new trial on this ground.

**D.    The Court's verbal instruction to the jury**

A "court should order a new trial if the jury instructions were erroneous, and such error may have influenced the jury's verdict." *Stowe v. Nat'l R.R. Passenger Corp.*, 793 F. Supp. 2d 549, 559 (E.D.N.Y. 2011) (citing *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000)); *see also Webb v. GAF Corp.*, 936 F. Supp. 1109, 1118 (N.D.N.Y. 1996) (stating that "[t]he error must appear, from a review of the record, to be prejudicial before a new trial will be granted" (citations omitted)). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994) (citations omitted); *see also Plagianos v. Am. Airlines, Inc.*, 912 F.2d 57, 59 (2d Cir. 1990) (stating that "[a] new trial is warranted if, taken as a whole, the jury instructions gave a misleading impression or inadequate understanding of the law" (citation omitted)).

Importantly, Rule 51 of the Federal Rules of Civil Procedure requires "a party in a civil action [to] make specific objections to jury instructions before the jury retires to deliberate." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 61 (2d Cir. 2002) (citations omitted). A party's failure to assert a timely objection results in a waiver of that objection. *See Jarvis v. Ford Motor Co.*, 283 F.3d 33, 57 (2d Cir. 2002) (quotation and other

citations omitted). District courts, however, may entertain an untimely objection if the alleged error is fundamental. *See Shade v. Hous. Auth. of City of New Haven*, 251 F.3d 307, 312-13 (2d Cir. 2001) (citation omitted). "An error is fundamental . . . only if it is 'so serious and flagrant that it goes to the very integrity of the trial.'" *Id.* at 313 (quotation omitted).

In the instant matter, the Court verbally instructed the jury during the jury charge that it had previously found Plaintiff not disabled as a matter of law prior to January 1, 2009; and, according to Plaintiff, this instruction misled the jury to believe that the entire issue of disability was already decided. *See* Dkt. No. 84-2 at 6. Plaintiff also argues that the verbal instruction created a "dueling definition with the written instruction," thereby confusing the jury. *See* Dkt. No. 87 at 6. Consequently, Plaintiff asserts that he is entitled to a new trial because the Court's verbal instruction deterred the jury from finding him disabled after January 1, 2009. *See id.*; Dkt. No. 84-2 at 6.

As an initial matter, the Court finds that Plaintiff has waived any post-trial objections to the verbal instruction because he failed to object to the Court's instruction prior to the jury deliberating. *See Jarvis*, 283 F.3d at 57 (stating "'litigants do not get another opportunity to assign as error an allegedly incorrect charge simply because the jury's verdict comports with the trial courts instructions'" (quotation and other citations omitted)); *Ireh v. Nassau Univ. Med. Ctr.*, 371 F. App'x 180, 180 (2d Cir. 2010) (stating that a party moving for a new trial on the basis of jury instructions must have objected to the instruction on the record, stating distinctly the matter objected to and the grounds for the objection).

Even assuming a timely objection, Plaintiff has not established, let alone proved, a fundamental error in the Court's verbal instruction that is "'so serious and flagrant that it goes to the very integrity of the trial.'" *Shade,* 251 F.3d at 313 (quotation omitted). The Court informed the jury that it had already found Plaintiff not disabled as a matter of law before January 1, 2009,

10

to ensure that the jury plainly understood the issue to deliberate, namely whether Plaintiff had a disability under the ADA *after* January 1, 2009. *See* ADA Amendments Act of 2008, Pub. L. No. 110-325 (2008) (becoming effective on January 1, 2009, and broadening the definition of a disability under the ADA to expand the class of individuals entitled to protection). Thus, the verbal instruction neither misled nor confused the jury; rather, it focused the jury on the relevant timeframe to decide whether Plaintiff was disabled. *See Lore*, 670 F.3d at 156 (stating that "'[a] jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury of the law'" (quotation omitted)). Additionally, the jury instructions, as a whole, comported with the applicable law, adequately informing the jury of the correct legal standards; and Plaintiff has failed to produce persuasive arguments to the contrary. *See Snyder*, 2011 U.S. Dist. LEXIS 17302, at *12-*13 (denying a motion for new trial, in part, because plaintiff failed to show that the jury instructions were prejudicial); *Dreyer v. Ryder Auto. Carrier Group, Inc.*, No. 98-CV-82A, 2008 U.S. Dist. LEXIS 21557, *6 (S.D.N.Y. Mar. 19, 2008) (denying defendants' motion for a new trial, in part, because they neither stated why the jury instruction was erroneous nor provided supporting case law).

Accordingly, the Court denies Plaintiff's motion for a new trial based upon an alleged error in the Court's verbal instruction.

**E.     Premature jury deliberations**

In criminal cases, premature jury deliberations may warrant a new trial if they result in actual prejudice to the one of the parties. *See United States v. Sabhnani*, 529 F. Supp. 2d 384, 390 (E.D.N.Y. 2008) (citation omitted); *see also United States v. Cox*, 324 F.3d 77, 86 (2d Cir. 2003) (stating that "[w]here the district court instructs a jury to refrain from premature deliberation . . . and the jury nonetheless discusses the case before the close of trial, that

11

premature deliberation may constitute juror misconduct" (citation omitted)). Although district courts have sound discretion in the "handling of allegations of juror misconduct," *United States v. Thai*, 29 F.3d 785, 803 (2d Cir. 1994) (citations omitted), they should "hold a post-trial jury hearing only when reasonable grounds for investigation exist," *United States v. Moon*, 718 F.2d 1210, 1234 (2d Cir. 1983). "Reasonable grounds are present when there is clear, strong, substantial and incontrovertible evidence, . . . that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant." *Id.* (internal citation omitted).

Notably, the Second Circuit disfavors probing jurors for potential misconduct post-verdict. *See id.* (stating that "[i]t hardly bears repeating that courts are, and should be, hesitant to haul jurors in after they have reached a verdict in order to probe for potential instances of bias, misconduct or extraneous influences"). As such, courts' reiterating their instructions against premature deliberation "is [often] all that is necessary." *Thai*, 29 F.3d at 803 (citation omitted); *United States v. Siegel*, 271 F. App'x 115, 117 (2d Cir. 2008) (stating that judges generally do not abuse their discretion when they "decline[] to investigate allegations of jury misconduct but instead merely reiterate[] their instructions against premature deliberation" (citations omitted)).

Here, Plaintiff alleges, without any citations to the record, that a male juror, possibly Juror Number Eight ("Juror"), stated something to the effect that, "how are we to make a decision on the case when there wasn't any medical information going into/after 2009." *See* Dkt. No. 84-1 at ¶ 16; Dkt. No. 84-2 at 4. Plaintiff contends that the Juror made this statement in the presence of the full jury (in open court) and before the Court submitted the case to the jury for deliberations. *See* Dkt. No. 84-1 at ¶ 16; Dkt. No. 87 at 1. From this statement, Plaintiff surmises that the jury prematurely discussed the evidence before the end of the trial. *See* Dkt. No. 84-2 at 5. Thus, Plaintiff requests the Court to conduct a post-verdict inquiry into whether the jurors prematurely deliberated and, if so, grant a new trial. *See id.*

The Court finds no factual or legal basis to conduct an inquiry of the jurors to determine whether they prematurely deliberated. Plaintiff advances only criminal case law in support of his argument and offers no legal support to extend these holdings to the civil context. *See* Dkt. No. 84-2 at 4-5. Even assuming that the Court were to extend criminal law principles to this civil matter[5] and that the Juror made the purported statement, there is "no clear, strong, substantial and incontrovertible evidence" of "specific, nonspeculative impropriety" sufficient to probe the jury post-verdict for potential misconduct. *Moon*, 718 F.2d at 1234 (internal citation omitted).

Additionally, Plaintiff's argument for premature deliberations hinges on his conjecture that the Juror's use of the term "we" in his statement indicates that his question was on behalf of the jury, which, in turn, means that the jury prematurely discussed the case. *See* Dkt. No. 84-2 at 5. Plaintiff's argument, however, is a logical stretch at best and too vague to infer premature deliberations. *See Stowe*, 793 F. Supp. 2d at 575 (denying plaintiff's motion, in part, because plaintiff's "statement that Juror Number Three had some training or knowledge is too vague to infer that this juror held himself out as an expert"). Indeed, the Juror's statement hardly provides a smoking gun inference of premature deliberations. On this basis alone, the Court denies Plaintiff's motion.

Moreover, at no time did Plaintiff object to the Juror's alleged comment; rather, he waited until after the jury rendered a no-cause finding. *See Thai*, 29 F.3d at 803 (stating that the Second Circuit "particularly loath[es] to second-guess the actions of the district court when the defendant

---

[5] In *Cocconi v. Pierre Hotel*, 146 F. Supp. 2d 427, 430 (S.D.N.Y. 2001), the court explained that there is a presumption in criminal cases that extraneous information communicated to a jury is prejudicial and that, although "the Second Circuit has not squarely addressed the issue, other circuits have held that the same presumption of prejudice applies in the civil cases." *Id.* at 430 n.2 (citations omitted). As such, the court proceeded with its analysis of whether to grant a new civil trial because of the jury's alleged exposure to extraneous information. *See id.*

has failed to object at trial, lest the defendant be permitted to 'wait to hear the verdict before contesting the impartiality of the jury and then attack the court's refusal to investigate his allegation'" (quotation omitted)).  Plaintiff also has not advanced any evidence showing how the Juror's isolated statement was sufficiently prejudicial to warrant a new trial, especially in light of the Court's instructions to refrain from premature deliberations.  *See id.* (affirming the district court's handling of questionable juror conduct, in part, because the court "reiterated its instruction not to engage in premature deliberations"); *United States v. Peterson*, 385 F.3d 127, 135 (2d Cir. 2004) (rejecting defendants' argument "that juror number three was engaging in premature deliberations when she told another juror that she knew the defendants" because "[n]ot every comment a juror may make to another juror about the case is a discussion about a defendant's guilt or innocence that comes within a common sense definition of deliberation").

Accordingly, since there is no evidence, let alone clear, strong and substantial evidence, that the jury prematurely deliberated, the Court finds that a post-verdict inquiry on premature deliberations is unwarranted and denies Plaintiff's motion for a new trial on this ground.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for a new trial is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 13, 2013
    Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge